UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
DANIEL DELOIR,
          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.
--------------------------------x

07 Civ. 10633 (BSJ)
06 Cr. 576 (BSJ)
**Memorandum & Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Petitioner Daniel Deloir's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, Deloir's petition is DENIED.

## BACKGROUND

On July 10, 2006, a federal grand jury returned Indictment 06 Cr. 576, in two counts. Count One charged that from at least January 2003 until September 25, 2005, Petitioner conspired with others to distribute and possess with intent to distribute a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Count Two charged that, on or about September 25, 2005, Petitioner used a firearm in furtherance of the drug conspiracy charged in Count One and that he discharged such firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

On November 21, 2006, pursuant to a plea agreement with the Government, Petitioner entered a guilty plea to Count Two of the Indictment. The plea agreement set forth the parties' agreement that the Stipulated Sentence for Count Two was 120 months' imprisonment, the mandatory minimum sentence prescribed by statute for the offense. (Plea Agreement at 2.) The parties additionally agreed that "neither a downward nor an upward departure from the Stipulated Sentence of 120 months' imprisonment is warranted," and that neither party would seek a departure or adjustment. (Plea Agreement at 2-3.) The plea agreement further set forth that Petitioner would "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence at or below the Stipulated Sentence of 120 months." (Plea Agreement at 4.)

At Petitioner's plea proceeding, the Court found Petitioner competent to plead guilty, and then advised him of the consequences of entering a guilty plea. (See Plea Tr. at 4-7, Nov. 21, 2006.) The Court reviewed with Petitioner the statutory mandatory minimum and maximum sentence that he faced on the charge to which he was pleading guilty — imprisonment of 10 years to life. (Plea Tr. at 8.) The Court advised Petitioner that pursuant to the plea agreement, if the Court sentenced him to 120 months' imprisonment or fewer, he was waiving his right to appeal or otherwise challenge his sentence

— either via direct appeal or habeas review. (Plea Tr. at 11.) Petitioner stated that he understood he was waiving his appellate rights. (Plea Tr. at 11.)

The Government summarized its evidence against Petitioner as including ballistics evidence recovered from the scene of the shooting, the testimony of witnesses to the shooting, and a videotaped statement made by the Defendant after his arrest in which he admitted to the shooting. (Plea Tr. at 13.) Petitioner then allocuted that:

> On September 25, 2005, I confronted Jason and Cocoa and I told the both of them that they could no longer sell drugs on 166 and College because of disloyalty and money they kept messing up. When I approached the two of them I was present with Louie Boy. During the confrontation things began to get hectic because Jason and Cocoa refused to leave the block, and they stated, it's whatever, it's war.
>
> As all of this was going down, my brother is in the middle trying to figure out what is going on, but by then it was already too late because I pulled out and fired the, discharged the firearm.

(Plea Tr. at 14-15.) Petitioner confirmed that had engaged in this shooting in order to protect his crack business, that he knew his actions were wrong and illegal, and that he was pleading guilty because he was, in fact, guilty. (Plea Tr. at 15-16.) The Court then accepted Petitioner's guilty plea. (Plea Tr. at 17.)

On March 2, 2007, the Court sentenced Petitioner to the mandatory minimum sentence of 120 months' imprisonment on Count

3

Two of the Indictment. (See Sentencing Tr. at 7, Mar. 2, 2007.) After imposing the sentence, the Court explained to Petitioner that he had given up certain appeal rights pursuant to his plea agreement, but informed him that if he believed there were certain grounds on which he could appeal despite his waiver, he must file a written notice of appeal within ten days after the date of entry of the judgment. (Sentencing Tr. at 9.) Petitioner indicated that he understood the Court's instructions. (Sentencing Tr. at 9.) On the Government's motion, the Court then dismissed Count One of the Indictment. (Sentencing Tr. at 10.)

Petitioner filed the instant petition to vacate, set aside, or correct his sentence pursuant 28 U.S.C. § 2255, on November 28, 2007, alleging: (1) that his counsel was ineffective; (2) that the sentence imposed was unlawful; (3) that his videotaped confession was coerced; and (4) that the indictment filed against him was defective. Pursuant to an Order of the Court, the Government responded on August 4, 2008. To date, Petitioner has filed no reply.

**DISCUSSION**

**I. Petitioner's Claims Are Barred by the Terms of His Plea Agreement**

As an initial matter, the Court finds that Petitioner's claims are barred by the terms of his plea agreement. It is

4

"well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001); see United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999); United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998).  Such a waiver is unenforceable, however, if a defendant is denied effective assistance of counsel in the negotiation and entry of the plea or sentencing agreement.  See U.S. v. Cano, 494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007).  In this case, it is clear that Petitioner's waiver of his appeal rights — including his right to habeas review — is enforceable because Petitioner has not demonstrated that he received ineffective assistance of counsel in connection with entering the plea agreement and it is clear that Petitioner's waiver of his appeal rights was knowing and voluntary.

The only assertion Petitioner makes regarding the conduct of his counsel that is relevant to the waiver of Petitioner's appeal rights is that his counsel was "not on [his] side" and counsel's "main objective was for [him] to plead guilty."  (Pet. at 5.)  Read broadly, this allegation implies that counsel's alleged ineffective assistance affected the negotiation and entry of Petitioner's plea.  In order to prevail on such a claim, a petitioner must demonstrate (1) that his counsel's conduct fell below an "objective standard of reasonableness" and

5

(2) that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-688, 692 (1984). The defendant bears the burden of establishing both of these elements, and there is no need for a court to "address both components of the [Strickland] inquiry if the defendant makes an insufficient showing on one." See id. at 687, 697.

In this case, Petitioner has not met either prong of the Strickland test with respect to counsel's conduct regarding his plea agreement. Petitioner states only in vague terms that he felt his attorney was "not on [his] side" and wanted him to plead guilty. Even if it is true that counsel wanted Petitioner to plead guilty, such conduct does not necessarily fall below an objective standard of reasonableness. It is quite possible that upon analyzing the evidence in the case Petitioner's attorney believed a plea to be the best course of action for his client. Additionally, Petitioner has not alleged that any error by counsel with respect to the plea agreement prejudiced him. Indeed, Petitioner does not contend that but for counsel's alleged insistence that he plead guilty he would have gone to trial. Furthermore, at his plea proceeding, Petitioner explicitly stated that he was satisfied with counsel's representation. (Plea Tr. at 4.) Accordingly, the Court finds that Petitioner has not demonstrated that he was denied

6

effective assistance of counsel with respect to entering into his plea agreement.

It is additionally clear that Petitioner knowingly and voluntarily waived his appeal rights. A defendant's waiver of his appeal rights is considered knowing and voluntary if the defendant "fully understood the consequences of the waiver" and his decision was not "the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." United States v. Roque, 421 F.3d 118, 122 (2d Cir. 2005) (citations omitted). In this case, Petitioner signed the plea agreement, which explicitly stated that Petitioner would "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence at or below the Stipulated Sentence of 120 months." (Plea Agreement at 4.) At the plea proceeding Petitioner confirmed that the signature on the plea agreement was his own, that he had spoken with his attorney about the plea agreement, and that understood the agreement. (Plea Tr. at 12.) Additionally, the Court explicitly explained to Petitioner that as part of his plea agreement he was "giving up, or waiving [his] right to appeal [his] sentence or challenge it in any way" if sentenced to 120 months or fewer. (Plea Tr. at 11.) The Court clarified that Petitioner was "not only giving up [his] right to appeal

directly, but afterwards to challenge it under 2255 or 2241, under any habeas provisions." (Plea Tr. at 11.) Petitioner informed the Court that he understood he was waiving his appellate rights. (Plea Tr. at 11.) Accordingly, there is no indication in the record that Petitioner's decision to enter into the plea agreement was not knowing and voluntary or that his waiver of his right to appeal was not knowing and voluntary. See Reyes v. United States, No. 05 Civ. 3924 (KMW), 2009 U.S. Dist. LEXIS 37072, at *6 (S.D.N.Y. Mar. 26, 2009) (stating that a court may rely on a Petitioner's "actions and on-the-record statements regarding his understanding of the waiver provision"). Thus, the Court finds that Petitioner knowingly and voluntarily entered the plea agreement and waived his right to appeal — including his right to seek habeas review.

Therefore, because Petitioner has not demonstrated that he was denied effective assistance of counsel in entering into his plea agreement and because Petitioner's waiver of his appellate rights was knowing and voluntary, the Court finds Petitioner's waiver of his appellate rights to be enforceable and his Petition for habeas relief to be without merit.

## II. Petitioner's Claims are Barred by His Failure to Raise Them on Direct Appeal.

Even if Petitioner's claims were not barred by the terms of his plea agreement, with the exception of Petitioner's

8

ineffective assistance of counsel claims, they are barred by his failure to raise them on direct appeal. A party who fails to raise an issue on direct appeal may not subsequently attempt to litigate the issue through a § 2255 petition unless he can demonstrate either "(1) cause for failing to raise the issue, and prejudice therefrom; or (2) actual innocence." Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005) (quoting Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998)) (internal quotations omitted). This rule, however, does not apply to ineffective assistance claims. See Massaro v. United States, 538 U.S. 500, 509 (2003) (holding that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). In this case, Petitioner has not demonstrated cause, prejudice, or actual innocence. The only explanation Petitioner offers for his failure to file a direct appeal was that he was placed in the Special Housing Unit ("SHU") where he says that there was "hardly any legal information" available to him. (Pet. at 5.) Petitioner does not, however, sufficiently explain how being housed in the SHU prevented him from filing an appeal, nor does he provide any reasons for his failure to apply for leave to file an appeal out of time once he was transferred from the SHU. Additionally, Petitioner cannot demonstrate that he was prejudiced by his

failure to raise his claims on direct appeal because, as is addressed below, his claims are without merit. Finally, Petitioner cannot claim a miscarriage of justice based on actual innocence because he acknowledged his guilt when he entered his plea. (Plea Tr. at 13-17.) Accordingly, with the exception of Petitioner's ineffective assistance claims, Petitioner's claims are procedurally barred due to his failure to raise them on direct appeal.

## II. Petitioner's Claims Are Without Merit

Even if Petitioner's claims were not barred by the terms of his plea agreement or his failure to file a direct appeal, they fail on the merits.

### A. Ineffective Assistance of Counsel

Petitioner claims that his attorney was ineffective for five reasons: (1) counsel did not file any motions Petitioner requested; (2) counsel showed Petitioner his Pre-Sentence Report only immediately prior to sentencing; (3) counsel never visited Petitioner in the SHU despite Petitioner's numerous requests that counsel do so, (4) Petitioner was denied requested discovery materials and grand jury minutes, and (5) counsel's main objective was for Petitioner to plead guilty. As is discussed above, in order to prevail an ineffective assistance claim a petitioner must demonstrate (1) that his counsel's conduct fell below an "objective standard of reasonableness" and

10

(2) that he was prejudiced as a result. Strickland, 466 U.S. at 687-688, 692.

The Court has already determined that Petitioner's claim that counsel's main objective was for Petitioner to plead guilty does not amount to ineffective assistance. Petitioner's remaining ineffective assistance claims fail on both prongs of the Strickland analysis. In terms of counsel's conduct, none of Petitioner's remaining allegations regarding his attorney's conduct constitute unreasonable performance. With respect to Strickland's second prong, Petitioner has not demonstrated that he was prejudiced by counsel's conduct either when he entered his plea or at sentencing. The Court has already determined that Petitioner has failed to show that but for counsel's alleged errors he would have proceeded to trial rather than pleading guilty. It is additionally clear that Petitioner was not prejudiced by any alleged errors of counsel at sentencing: Petitioner does not allege that but for counsel's errors he would have received a different sentence, nor could he, given that he received the statutory mandatory minimum sentence. Accordingly, the Court finds Petitioner's ineffective assistance claims to be without merit.

### B. Petitioner's Sentence

Petitioner contends that his sentence was unfair because (1) he was convicted of Count Two of the Indictment — using and

11

discharging a firearm in furtherance of a drug crime, in violation of 18 U.S.C. 924(c)(1)(A)(iii) — without a gun ever being found, and (2) the Court inappropriately took into account his prior youthful conviction when determining his sentence. The fact that no gun was found is irrelevant to the lawfulness of Petitioner's sentence; it is not necessary that a gun have been recovered in order for Petitioner to have been convicted of the crime charged in Count Two of the Indictment. Additionally, any assertion by Petitioner that there was insufficient proof he used a gun as charged in Count Two is without merit. At Petitioner's plea proceeding the Government proffered that its proof at trial would include ballistic evidence and Petitioner admitted during his plea that he had unlawfully possessed and discharged a gun in connection with drug dealing. (Plea Tr. at 14-17.) Petitioner's claim that his criminal history category was incorrectly calculated is similarly unavailing. The Court sentenced Petitioner to the mandatory minimum sentence required by law for the crime to which he pled guilty. Thus, Petitioner's sentence was not at all influenced by his criminal history category.

### C. Petitioner's Confession

Petitioner asserts that his statement to the police was coerced because he was "denied [his] right to [an] attorney and held hostage" and the police "threatened [him] to get a

12

confession out of [him]." (Pet. at 8.) Petitioner has not, however, provided the Court with any evidence (such as a sworn affidavit) to support this claim. Petitioner further asserts that there are no witnesses "who can say [he] committed the crime [he] was convicted of." (Pet. at 8.) As an initial matter, at Petitioner's plea proceeding the Government proffered that the proof it put on at trial would include "the testimony of witnesses to the shooting." (Plea. Tr. at 13.) Additionally, it is not necessary for there to be witnesses to the shooting for Petitioner to be convicted of using and discharging a firearm in furtherance of a drug crime. Furthermore, because both of these claims — that Petitioner's confession was coerced and that there were no witnesses to Petitioner's crime — are "antecedent" to Petitioner's plea — which the Court has already determined was knowing and voluntary — Petitioner has forfeited these claims. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (stating that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").

### D. The Indictment

13

Petitioner asserts that his Indictment was defective because Count One charged him with conspiracy to distribute and possess with intent to distribute a detectable amount of cocaine base but failed to identify his alleged co-conspirators. This claim is without merit. The Court initially notes that Petitioner was not convicted of Count One; this Count was dismissed by the Court at Petitioner's sentencing. (Sentencing Tr. at 10.) Additionally, the Government is under no obligation to provide a defendant with a list of alleged co-conspirators before a defendant may plead guilty to a conspiracy count. Petitioner's further claim that he could not be convicted of Count Two of the Indictment — the use and discharge of a firearm in furtherance of a drug crime — because he was not convicted of the underlying drug crime as set forth in Count One, is similarly unavailing. There is no requirement that a defendant be convicted of an underlying drug crime before he can validly plead guilty to a charge that he used a gun in furtherance of that crime.

## CONCLUSION

For the reasons set forth above, Deloir's Petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada

14

v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).  The Clerk of the Court is directed to close this case.

**SO ORDERED:**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**BARBARA S. JONES**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated:      New York, New York
　　　　　　June 29, 2009